# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**VIRGINIA BISSINGER,**

        **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　**Case No:   6:13-cv-1602-Orl-31GJK**

**COMMISSIONER OF SOCIAL
SECURITY,**

        **Defendant.**

_____

# REPORT AND RECOMMENDATION

Virginia Bissinger (the "Claimant"), appeals from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for benefits.   Doc. No. 1. Claimant alleges an onset of disability as of June 1, 2008, and Claimant is insured for benefits through March 31, 2012.  R. 21, 150-59.   Claimant argues that the Administrative Law Judge (the "ALJ") erred by failing to apply the correct legal standards to the medical opinion evidence. Doc. No. 18 at 2, 10-22.   More specifically, Claimant argues that the ALJ erred by: (1) failing to demonstrate good cause for giving no weight to the opinion of Claimant's treating psychiatrist, Dr. Chona DeGracia Wylie, and for giving little weight to the opinion of Claimant's treating psychologist, Dr. Virginia Graham; (2) failing to state with particularity the weight given and the reasons therefor to the opinions of Dr. Gonzalez, a therapist from Catholic Charities, and Dr. Harish Kher, a psychiatrist; (3) failing to state the weight given to the decision of the Department of Education Division of Vocational Rehabilitation Individualized Plan for Employment; and (4) giving significant weight to the opinions of non-examining physicians over the opinions of Claimant's treating physicians.   Doc. No. 18 at 10-22.   For the reasons that follow, it is

**RECOMMENDED** that the Commissioner's final decision be **REVERSED** and **REMANDED** for further proceedings.

## I.      STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).   Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.   *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).   The District Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.   *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177, 1180 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).   The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'"   *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## II.   <u>ANALYSIS.</u>

At the center of this dispute is the ALJ's handling of the opinion evidence.   Doc. Nos. 18 at 10-22; 22 at 3-20.   Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of the ALJ's sequential evaluation process for determining disability.   In cases like this one, involving the ALJ's handling of such medical opinions, "substantial-evidence review . . . involves some intricacy."   *Gaskin v. Commissioner of Social Security*, 533 F. App'x. 929, 931 (11th Cir. Aug. 14, 2013) (unpublished).[1]   In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis; what the claimant can still do despite his or her impairments; and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor.   *Id.* (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)).   "'In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'"   *Winschel*, 631 F.3d at 1179 (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)).   *See also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (failure to state with particularity the weight given to opinions and the reasons therefor constitutes reversible error).

Absent good cause, the opinion of a treating physician must be accorded substantial or considerable weight.   *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988).

> Good cause exists when the: "(1) treating physician's opinion was
> not bolstered by the evidence; (2) evidence supported a contrary

---

[1] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority.   *See* 11th Cir. R. 36-2.

finding; or (3) treating physician's opinion was conclusory or
inconsistent with the doctor's own medical records."

*Johnson v. Barnhart*, 138 F. App'x 266, 270 (11th Cir. 2005) (quoting *Phillips*, 357 F.3d at 1240-

41). Thus, good cause exists to give a treating physician's opinion less than substantial weight

where the ALJ demonstrates that the opinion is not bolstered by the evidence, evidence supports a

contrary finding, or the opinion is conclusory or inconsistent with the physician's medical records.

Conclusory statements by an ALJ to the effect that an opinion is inconsistent with or not

bolstered by the medical record are insufficient to show an ALJ's decision is supported by

substantial evidence unless the ALJ articulates factual support for such a conclusion. *See

Anderson v. Astrue,* No. 3:12-cv-308-J-JRK, 2013 WL 593754, at *5 (M.D. Fla. Feb. 15, 2013)

(ALJ must do more than recite a good cause reason to reject treating physician opinion and must

articulate evidence supporting that reason) (citing authority); *Poplardo v. Astrue*, No. 3:06-cv-

1101-J-MCR, 2008 WL 68593, at *11 (M.D. Fla. Jan. 4, 2008) (failure to specifically articulate

evidence contrary to treating doctor's opinion requires remand); *see also Paltan v. Comm'r of

Social Sec.*, No. 6:07-cv-932-Orl-19DAB, 2008 WL 1848342, at *5 (M.D. Fla. Apr. 22, 2008)

("The ALJ's failure to explain how [the treating doctor's] opinion was 'inconsistent with the

medical evidence' renders review impossible and remand is required.").

It is not uncommon for this Court to be presented with generalized statements from an ALJ

that a treating physician's opinion, which contains limitations beyond those found by the ALJ, is

inconsistent with the physician's own treatment notes, unsupported by the record as a whole, or

fails to document the type of findings one would expect if the claimant were disabled. The Court

has routinely rejected such generalized statements as conclusory and insufficient to meet the

obligation to establish good cause for giving a treating physician's opinion less than substantial or

considerable weight, as well as the obligation to state with particularity the weight given to the

physician's opinion and the reasons therefor. *Winschel*, 631 F.3d 1178-79.   When such generalized statements are unaccompanied by more specific statements and supporting record citations, the Court is unable to find that substantial weight supports the ALJ's decision.   *See Id.*

### A.  Dr. Wylie.

Dr. Wylie is a psychiatrist, who treated Claimant seven (7) times from January 22, 2008 through April 20, 2012.   R. 517-526.   Dr. Wylie's treatment notes are handwritten and largely illegible.   R. 517-526.   Dr. Wylie's most recent diagnoses are major depressive disorder, recurrent; and bipolar disorder.   R. 517-522.   On March 9, 2012, Claimant's mental status examination showed: appropriate appearance; cooperative attitude; clear speech; coherent thought process; depressed and anxious mood; depressed and tearful affect; ruminations; poor attention and concentration; intact impulse control; and good judgment and insight.   R. 518.

On March 29, 2012, Dr. Wylie completed a Mental Residual Functional Capacity Assessment ("MRFC").   R. 509-511.   Dr. Wylie opined that Claimant is markedly limited in the following areas: the ability to perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances; the ability to sustain an ordinary routine without special supervision; the ability to work in coordination with or proximity to others without being distracted by them; the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; the ability to interact appropriately with the general public; the ability to accept instructions and respond appropriately to criticism from supervision; and the ability to get along with coworkers or peers without distracting them or exhibiting behavior extremes.   R. 509-510.   In all other areas of functioning, Dr. Wylie opined that Claimant has moderate limitations.   R. 509-510.   Dr. Wylie handwritten remarks state:

> The [Claimant] has periods of severe anxiety and depression which affect her concentration, memory, and capacity to function. She has lots of sensitivities reacting to medications that she has been willing to give it a try.

R. 511.   Thus, Dr. Wylie opined that Claimant has significant functional limitations.   R. 509-511.

In the decision, the ALJ found at step-two of the sequential evaluation process that Claimant has the following severe impairments: disorders of the thyroid, mitral valve prolapsed, affective disorder, and anxiety disorders.   R. 21.   The ALJ determined that Claimant retains the following maximum residual functional capacity (the "RFC"):

> After careful consideration of the entire record, the [ALJ] finds that the claimant has the [RFC] to perform light work. . . .   The claimant is able to occasionally lift and carry 20 pounds, and she is able to frequently lift and carry 10 pounds.   She is able to stand and or walk for four hours out of an eight-hour day for no more than one hour at a time.   She is limited to simple, unskilled, repetitive work a slow to moderate pace.   Contact with the general public can be no more than brief and superficial.

R. 23.   The ALJ also found that Claimant has only moderate limitations in social functioning and in concentration, persistence or pace.   R. 22.   The ALJ stated:

> In social functioning, the claimant has moderate difficulties.   The claimant is able to interact appropriately and effectively with medical personnel, storekeepers, and Disability Determination Services (DDS) personnel, which shows that her difficulties are only moderate.
>
> With regard to concentration, persistence or pace, the claimant has moderate difficulties.   The claimant is able to plan her activities so that she avoids contact with her parents.   The claimant is able to read, drive, shop, and manage money, which shows that her difficulties are only moderate.

R. 22.   Thus, the ALJ's findings regarding Claimant's RFC, ability to socialize, and concentration persistence or pace, are all less restrictive than those reflected in Dr. Wylie's opinion.

With respect to Dr. Wylie, the ALJ stated:

On March 29, 2012, Dr. Chone Wylie completed a [MRFC].  She opined that claimant has some moderate limitations in understanding and memory and some marked limitations in concentration and persistence.  Dr. Wylie opined that the claimant has marked limitations in social interaction and moderate difficulties in adaptation.  She concluded that the claimant has periods of severe anxiety and depression, which affect her concentration, memory and capacity to function.  No weight is accord to this opinion because the claimant only saw this psychiatrist one time.  The limitations are out of proportion to the claimant's normal activities of daily living, adequate social functioning with medical providers and shopkeepers, and ability to concentrate and persist well enough to drive and shop.

* * *

No endocrinologist or primary care physician opined that the claimant is disabled, and no endocrinologist imposed significant limitations upon the claimant.   Although Dr. Wylie and Dr. Graham imposed significant mental limitations on upon the claimant, these limitations are inconsistent with the treatment records and the claimant's normal activities of daily living.

R. 28-29.  Thus, the ALJ gave no weight to Dr. Wylie's opinion because: (1) Claimant only received treatment from her on one occasion; (2) the limitations are out of proportion with Claimant's activities of daily living; and (3) it is inconsistent with the treatment records.   R. 28-29.

Claimant argues that the ALJ did not articulate good cause to reject Dr. Wylie's opinion because the ALJ mischaracterized the record with respect to the number of times Dr. Wylie treated Claimant and the additional reasons offered by the ALJ do not constitute substantial evidence. Doc. No. 18 at 11-13.   The Commissioner does not contest that the Claimant's argument that the ALJ mischaracterized the scope of Dr. Wylie's treatment, but the Commissioner maintains that the additional reasons offered by the ALJ constitutes good cause to reject Dr. Wylie's opinion.   Doc. No. 22 at 3-12.

The ALJ's decision contains an uncontested mischaracterization of fact – that Dr. Wylie

only treated Claimant on a single occasion.   R. 28.   While a mere misstatement of fact by an ALJ may be harmless, if the misstatement is material or integral to the ALJ's ultimate decision it is not harmless.   *See Majkut v. Comm'r of Soc. Sec.*, 394 F. App'x. 660, 665 (11th Cir. 2010) (unpublished) (misstatement of fact "may constitute harmless error if the ALJ applies the proper legal standard."); *Washington v. Astrue*, No. 8:08-CV-1614-T-27GJK, 2009 WL 2949034, at *14 (M.D. Fla. Sept. 14, 2009) (single erroneous statement does not require remand).   *But see White v. Comm'r of Soc. Sec.*, No. 6:09-cv-1208-Orl-28GJK, 2010 WL 3467413, at *15 (M.D. Fla. Aug. 3, 2010) (misstatement of fact not harmless error when it substantially affects ALJ's ultimate conclusion).   In this case, the ALJ's misstatement of fact is material to the ALJ's ultimate decision.   The ALJ unequivocally states that "[n]o weight is accorded to this opinion because the claimant only saw [Dr. Wylie] one time."   R. 28.   In fact, Dr. Wylie treated Claimant seven (7) times.   R. 517-526.   Dr. Wylie's opinion is more restrictive than the ALJ's RFC and it conflicts with the ALJ's findings with respect to Claimant's ability to maintain social functioning and concentration, persistence or pace.   Absent good cause, the ALJ is required to give the opinion of a treating physician, such as Dr. Wylie, significant weight.   *See* Lamb, 847 F.2d at 703.   Thus, the undersigned finds that the ALJ's mischaracterization of fact is harmful as it is integral to the ALJ's ultimate decision.

With respect to the second and third reasons given by the ALJ for rejecting Dr. Wylie's opinion, *i.e.*, that it is out of proportion to the Claimant's activities of daily living and inconsistent with treatment records, the undersigned finds that the ALJ's findings are wholly conclusory.   *See Anderson v. Astrue,* No. 3:12-cv-308-J-JRK, 2013 WL 593754, at *5 (M.D. Fla. Feb. 15, 2013) (ALJ must do more than recite a good cause reason to reject treating physician opinion and must articulate evidence supporting that reason) (citing authority); *Poplardo v. Astrue*, No. 3:06-cv-

1101-J-MCR, 2008 WL 68593, at *11 (M.D. Fla. Jan. 4, 2008) (failure to specifically articulate evidence contrary to treating doctor's opinion requires remand); *see also Paltan v. Comm'r of Social Sec.*, No. 6:07-cv-932-Orl-19DAB, 2008 WL 1848342, at *5 (M.D. Fla. Apr. 22, 2008) ("The ALJ's failure to explain how [the treating doctor's] opinion was 'inconsistent with the medical evidence' renders review impossible and remand is required.").   Moreover, the Eleventh Circuit has stated that "participation in everyday activities of short duration, such as housework or fishing, [does not disqualify] a claimant from disability."   *Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir. 1997).   Thus, without further articulation by the ALJ and reference to supporting evidence in the record, the undersigned cannot determine whether the ALJ's decision to totally reject the opinion of Claimant's long-term treating psychiatrist is supported by substantial evidence.   Based on this error alone, it is **RECOMMENDED** that the Court find that the final decision is not supported by substantial evidence.

### B.  Dr. Graham.

Although the case must be reversed and remanded for further proceedings based upon the error identified above, the undersigned will address the ALJ's handling of Dr. Graham's opinion. On September 16, 2011, Dr. Virginia Graham, Claimant's treating psychologist, completed an MRFC.  R. 476-77.   In short, Dr. Graham opined that Claimant is markedly limited in numerous areas of functioning.   R. 476-77.   Dr. Graham concluded:

> When I was absent 4 weeks, [Claimant] needed a GPS to get to my office after coming for about 8 months weekly.
>
> She is often tardy to appointments and yet writes them down to remember.   Her routine seems irregular and uncoordinated.
>
> She seems foggy and confused, often changing topics and not completing conversations.   Her recounting of activities is sometimes disjointed and derailed; the point evaporates, her focus is inconsistent.

> Her social adaptation is spotty.  She is well-groomed though has trouble accepting help or corrections from others; loses focus when questioned, reacts emotionally to seemingly minor confrontations or questions.
>
> She is limited in making rational realistic goals for herself and requires help handling money and implementing plans that impact her future.  She has some goals for herself but they seem unsupported by her ability to formulate them and complete the tasks required.  Her helpful personality is limited by her ability to function as a responsible adult woman.

R. 478-79.  Dr. Graham's opinion is clearly more restrictive than the ALJ's RFC.  R. 23.

In the decision, the ALJ states the following with respect to Dr. Graham's opinion:

> On September 16, 2011, Virginia Graham, Ph.D. prepared a [MRFC].  Dr. Graham opined that the claimant has marked difficulties in understanding and memory, concentration and persistence, social interaction, and adaptation.  Dr. Graham said that the claimant used a GPS to get to her office after coming for eight months on a weekly basis.  Dr. Graham said the claimant's routine seemed irregular and uncoordinated.  Dr. Graham said the claimant seemed foggy and confused and often changed topics without completing conversations.  She said the claimant had trouble accepting help or corrections from others.  Dr. Graham concluded that the claimant's helpful personality is limited by her ability to function as a responsible adult woman.  Little weight is accorded to this opinion.  Dr. Graham's opinion that the claimant is unable to function is contradicted by the claimant's independence in activities of daily living.  Additionally, the claimant's ability to drive, read, shop, manage money and interact appropriately with medical professionals contradicts Dr. Graham's findings that the claimant is unable to function.

R. 27-28.  Thus, the ALJ gives little weight to Dr. Graham's opinion because it is contradicted by Claimant's ability to perform activities of daily living such as driving, reading, shopping, managing money, and interacting with medical professionals.  R. 28.  As set forth above, the ALJ also states that Dr. Graham's opinion is inconsistent with her treatment records.  R. 28-29; *see supra* p. 7.

The ALJ's reasons for giving little weight to Dr. Graham's opinion are not supported by

substantial evidence.   First, the ALJ mischaracterizes the opinion.   Dr. Graham did not opine that

Claimant is totally unable to function.   Rather, Dr. Graham opined that Claimant has marked

limitations in her ability to perform certain specific functions, such as the ability to maintain

attention and concentration for extended period.   R. 476.   Thus, the ALJ's central description of

the Dr. Graham's opinion is flawed, which is material to the ALJ's ultimate decision to give it

little weight.   Second, the ALJ's reasons for giving the opinion little weight are conclusory.   *See*

supra pp. 7-8 (citing authority).   Moreover, the Claimant's ability to engage in everyday activities

for a short period of time, such as conversing with medical professionals, is not a basis to reject

the opinions of Claimant's treating physicians.   *See* supra p. 9.[2]   Based on the forgoing, the

undersigned finds that the ALJ failed to demonstrate good cause, supported by substantial

evidence, for giving little weight to Dr. Graham's opinion.   Accordingly, it is

**RECOMMENDED** that the Court find that the above-stated error is an independent basis to find

the final decision is not supported by substantial evidence.

### C.  Other Alleged Errors.

The case must be reversed and remand for each of the above-stated reasons.   *See* supra pp.

5-11.   On remand, the ALJ will have to reconsider all of the evidence.   Thus, it is unnecessary to

determine whether the ALJ also erred with respect to Claimant's other arguments.   *See Diorio v.*

*Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record).

Nevertheless, the undersigned will briefly address each additional issue.

1.  Dr. Gonzalez.

On March 5, 2012, Dr. Gonzalez, a therapist from Catholic Charities, diagnosed Claimant

with depression, anxiety, panic attack, and relationship problems.   R. 499.   Dr. Gonzalez also

---

[2] The undersigned notes that Dr. Graham opined that Claimant had difficulty communicating with her and completing conversations.   R. 478.

stated that "[Claimant] has medical problems that have resulted in her inability to work and her loss of income." R. 499. In the decision, the ALJ never discusses Dr. Gonzalez's treatment records or the above statement. R. 19-29. While Claimant alleges that Dr. Gonzalez's statement is a medical opinion, requiring the ALJ to state with particularity the weight given to it and the reasons therefor, it is unclear whether the statement is indeed a medical opinion. *See Winschel*, 631 F.3d at 1178-79 (defining a medical opinion). Thus, the undersigned **RECOMMENDS** that the Court find that the ALJ's failure to mention or weigh Dr. Gonzalez's statement is not an independent basis to reverse. However, it is further **RECOMMENDED** that the Court direct the Commissioner on remand to address Dr. Gonzalez's treatment records.

2. Dr. Kher.

On November 28, 2011, Dr. Harish Kher, a psychiatrist, performed an evaluation of Claimant. R. 507. On March 19, 2012, Dr. Kher provided a letter, based upon his evaluation, stating that Claimant is diagnosed with dysthymic disorder, post traumatic stress disorder, anorexia nervosa, history of marijuana abuse, and mixed personality traits-borderline passive aggressive. R. 507. Dr. Kher's letter only provides his diagnoses and does not offer any opinion regarding Claimant's functional limitations or what Claimant can still do despite her impairments. R. 507. In short, Claimant's argument that the ALJ erred by failing to state with particularity the weight given to Dr. Kher's diagnoses is without merit. *See Winschel*, 631 F.3d at 1178-79 (defining medical opinion). Diagnoses alone, without physical or mental restrictions or a statement of what a claimant can still do despite his or her impairments, are insufficient to establish functional limitations and, therefore, do not constitute medical opinions which the ALJ is required to weigh. *Id.*; *see also Garcia v. Commissioner of Social Security*, No. 2013 WL 2290556, at *4 (M.D. Fla. May 24, 2014). Accordingly, it is **RECOMMENDED** that the Court reject this argument.

3.   Vocational Decision.

Claimant argues that the ALJ erred by failing to state with particularity the weight given to the decision of the Department of Education's Division of Vocational Rehabilitation Individualized Plan for Employment (the "IEP").   Doc. No. 18 at 18-20; R. 463-69.   While findings of disability by other agencies are generally entitled to great weight, they are not binding on the Commissioner.   *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1241 (11th Cir. 1983).   In this case, the IEP provides:

> You have been determined to be eligible to receive vocational rehabilitation services.   This means that: a) you have a physical or mental impairment which cause a substantial impairment to employment and that you can benefit from vocational rehabilitation services in terms of an employment outcome, and b) you require these services to prepare for, enter, engage in, or retain gainful employment.

R. 468.   In the decision, the ALJ does not address the IEP.   R. 19-31.   It is **RECOMMENDED** that the Court direct the Commissioner on remand to address and weigh the IEP.

**III.   CONCLUSION.**

Based on the forgoing, it is **RECOMMENDED** that the Court:

1.   **REVERSE** and **REMAND** the final decision of the Commissioner for further proceedings pursuant to sentence four of Section 405(g);

2.   **DIRECT** the Commissioner on remand to address Dr. Gonzalez's treatment notes and the IEP; and

3.   Direct the Clerk to enter judgment in favor of the Claimant and against the Commissioner, and to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 22, 2014.


GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE



Copies furnished to:
Presiding District Judge
Counsel of Record

The Court Requests the Clerk
Mail or Deliver Copies of the Report and Recommendation to:

The Honorable William Greer
Office of Disability Adjudication and Review
SSA ODAR Hearing Office
Desoto Bldg, Suite 400
8880 Freedom Xing Trl
Jacksonville, FL 32256-1224