# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**VIRGINIA BISSINGER,**

      **Plaintiff,**

**v.**                              Case No: 6:13-cv-1602-Orl-31GJK

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **RICHARD A. CULBERTSON'S REQUEST FOR AUTHORIZATION TO CHARGE A REASONABLE FEE AND MEMORANDUM ON REASONABLE FEES PURSUANT TO 42 U.S.C. § 406(b) (Doc. No. 28)** |
| **FILED:** | April 6, 2017 |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

### I. BACKGROUND.

On October 9, 2013, Plaintiff and her counsel, Richard A. Culbertson, Esq., entered into a contingency fee agreement (the "Agreement") whereby Plaintiff agreed to pay counsel a fee of twenty-five percent of the total amount of past-due benefits ultimately awarded. Doc. No. 28-1. On October 10, 2014, judgment was entered reversing and remanding this case to the Commissioner of Social Security (the "Commissioner") for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Doc. No. 25. On December 10, 2014, Plaintiff was awarded attorney's fees in the amount of $4,785.90 under the Equal Access to Justice Act, 28 U.S.C. §

2412(d) (the "EAJA"). Doc. No. 27.

On March 29, 2017, the Commissioner sent Plaintiff a Notice of Award, indicating that she is withholding $20,988.50, which is twenty-five percent of Plaintiff's total award of past-due benefits, in anticipation of paying attorney's fees. Doc. No. 28-2 at 1, 4.[1] On April 6, 2017, counsel filed a motion (the "Motion") for an award of attorney's fees, pursuant to 42 U.S.C. § 406(b). Doc. No. 28. Counsel requests a fee award of $14,988.50, pursuant to § 406(b), representing less than twenty-five percent of past-due benefits awarded ($20,988.50). *Id.* at 2, 3, 7. Counsel represents that Plaintiff "effectuated the refund required by the EAJA by deducting the amount of the earlier EAJA award from the 406(b) request." *Id.* at 4. The Motion is unopposed. *Id.* at 3.

## II.     LAW.

Section 406(b)(1)(A) provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

The statute further provides that it is unlawful for an attorney to charge, demand, receive, or collect for services rendered in connection with proceedings before a court any amount in excess of that allowed by the court. *See id.*; § 406(b)(2). Accordingly, to receive a fee under this statute, an attorney must seek court approval of the proposed fee, even if there is a fee agreement between

---

[1] The Notice of Award also states that Plaintiff's past due benefits are $83,954.00. Doc. No. 28-2 at 4.

the attorney and the client. In *Bergen v. Commissioner of Social Security*, 454 F.3d 1273, 1277 (11th Cir. 2006), the Eleventh Circuit held that "§ 406(b) authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." Since Plaintiff was awarded past-due benefits following remand (*see* Doc. No. 28-2), the Court may award attorney's fees under Section 406(b).

## III. ANALYSIS.

### A. Fee Awards under Section 406(b).

Counsel requests an award of $14,988.50 in attorney's fees, which represents less than twenty-five percent of past-due benefits awarded. Doc. No. 28 at 2, 3, 7; Doc. No. 28-2 at 4. The aggregate of §§ 406(a) and 406(b) fees awarded may not exceed twenty-five percent of past-due benefits awarded. *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970).[2] Counsel represents that § 406(a) fees of $6,000.00 were paid in this case. Doc. No. 28 at ¶ 4. Thus, by adding the amount that was paid as § 406(a) fees, to the $14,988.50 sought here, for a total of $20,988.50, counsel ensures that the total fees awarded will not exceed twenty-five percent of past-due benefits awarded.

### B. Reasonableness of Contingent Fee.

To evaluate an attorney's Section 406(b) petition, the Court must determine whether the fee requested is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 809 (2002). "[T]he best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

calculations." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). However, "[a] fee pursuant to a contingency contract is not per se reasonable." *McGuire v. Sullivan*, 873 F.2d 974, 979 (7th Cir. 1989). The contingency fee negotiated by the claimant and counsel is not reasonable if the agreement calls for fees greater than the twenty-five percent statutory limit, the agreement involved fraud or overreaching in its making, the resolution of the case was unreasonably delayed by the acts of the claimant's attorney, or would provide a fee "so large as to be a windfall to the attorney." *Wells*, 907 F.2d at 372 (citing *McGuire*, 873 F.2d at 981, and *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989)). A contingency fee is more likely to be reasonable the greater the risk that the claimant would not prevail. *McGuire*, 873 F.2d at 985 ("A finding of riskiness is an essential one in granting a full twenty-five percent contingent fee award in a social security case."). Finally, "because Section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Gisbrecht*, 535 U.S. at 807 n.17.

In *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 1365 (N.D. Ga. 2005), the Northern District of Georgia applied the following analysis:

> In determining whether a fee sought under § 406(b) is reasonable, the Court should look first to the contingent fee agreement and should then consider, *inter alia*, the character of the attorney's representation and the results achieved. The Court may also consider the hours the attorney spent representing the claimant before the Court and the attorney's normal hourly billing rate for non-contingent fee cases, but this data does not control the Court's determination of the requested fee's overall reasonableness.

(Citations omitted.) Courts in the Middle District of Florida have adopted this analysis. *E.g.*, *McKee v. Comm'r of Soc. Sec.*, No. 6:07-cv-1554-Orl-28KRS, 2008 WL 4456453, at *5 (M.D. Fla. Sept. 30, 2008); *Whitaker v. Comm'r of Soc. Sec.*, No. 6:06-cv-1718-Orl-18KRS, 2008 WL 4710777, at *2-3 (M.D. Fla. Oct. 23, 2008).

Counsel represents that he and his associate spent a total of 32.2 hours on Plaintiff's case before this Court. Doc. No. 28 at ¶ 5. As a result of counsel's work, Plaintiff was successful on her claim. Doc. Nos. 23, 24. The Agreement demonstrates that Plaintiff was aware of and agreed to pay attorney's fees equal to twenty-five percent of the total past-due benefits to which she was entitled. Doc. No. 28-1. In the Motion, counsel requests an award of $14,988.50. Doc. No. 28 at 7. After reviewing the results obtained, the Motion, and the contingent fee agreement, the undersigned finds that an award of $14,988.50 in attorney's fees is reasonable.[3]

## IV. CONCLUSION.

Accordingly, it is **RECOMMENDED** that the Court **GRANT** the Motion (Doc. No. 28), and direct the Clerk to close the case.[4]

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **In order to expedite the resolution of this matter, if the parties have no objections to this**

---

[3] The fee recovery results in an effective hourly rate of $465.48 per hour. However, considering all the circumstances of this case and the risk Plaintiff's counsel assumed by taking it on a contingent fee basis, the undersigned finds the fee requested is reasonable.

[4] Although counsel is requesting an award of attorney's fees to be paid out of the past-due benefits due to her client, counsel has not requested a judgment against Plaintiff. Doc. No. 28.

**report and recommendation, they may promptly file a joint notice of no objection**.

**RECOMMENDED** in Orlando, Florida, on April 17, 2017.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties